Albert M. BAKER, Plaintiff,

v.

Patricia Roberts HARRIS, Defendant.

Civ. A. No. 79–532.

United States District Court, District of Columbia.

Oct. 22, 1980.

Steven M. Schneebaum, Michael R. Schuster, Washington, D. C., for plaintiff.

Anne Buxton Sobol, Paul Blankenstein, Barbara Allen Babcock, Dept. of Justice, Washington, D. C., for defendant.

## OPINION

JOHN GARRETT PENN, District Judge.

The issue presented in this case is whether Section 202(e)[1] of Title II, of the Social Security Act (Act), as amended, 42 U.S.C. § 401, *et seq.*, which provides for the payment of social security benefits to surviving divorced wives, on the basis of their deceased spouses' earning records, but does not provide for the payment of similar benefits to surviving divorced husbands, is constitutional.[2]

The case now comes before the Court on the motion for judgment on the pleadings filed by the defendant[3], and the motion for summary judgment filed by the plaintiff. After giving careful consideration to the arguments advanced by both sides to the controversy, this Court concludes that the statute as it presently reads is unconstitutional.

### I

There is no dispute as to any material fact in this case; those facts are as follows: The plaintiff was married to Ruth Baker in Laguna, California, on January 30, 1928. The marriage was dissolved by a final decree of divorce filed on March 7, 1956. Mrs. Baker died on January 25, 1974, and at that time was a fully insured individual within the meaning of the Act. *See* 42 U.S.C. § 414(a). Plaintiff has, since January 25, 1974, met all of the requirements for dependent benefits under 42 U.S.C. §§ 402(e) and 402(f) save for the fact that he is a surviving divorced husband instead of a surviving divorced wife. He is 79 years old, a citizen of the United States and a resident of the District of Columbia.

Plaintiff filed a timely claim for dependent benefits as the surviving divorced husband of Ruth Baker and that claim was denied. His request for reconsideration was also denied. He then filed a "expedited appeal" of the denial of his claim pursuant to 20 CFR § 404.916a, *et seq.* Thereafter, the plaintiff and the Secretary entered into an Agreement[4] stipulating the facts and isolating the constitutionality of the pertinent sections of the Act as the "sole issue in dispute". They agreed that, but for the provisions of the Act which prohibit entitlement of a surviving divorced husband to benefits under the Act, the rights of the plaintiff to such benefits have been established. Finally, they agreed that the denial of plaintiff's request for reconsideration represents the final decision of the Secretary in accordance with 42 U.S.C. § 405(g), and both have waived the necessity to pursue the remaining steps in the administrative appeal process.

The Court has jurisdiction to hear this case.

### II

The Act provides that the widow and *"every surviving divorced wife"* of a fully insured individual, subject to certain requirements, "shall be entitled to a widows insurance benefit". 42 U.S.C. § 402(e). However, the Act, while providing for the payment of similar benefits to the widower of a fully insured individual, makes no provision for the payment of such benefits to the surviving divorced husband. *See* 42 U.S.C. § 402(f). While Title II of the Act defines "divorced wife", 42 U.S.C. § 416(d)(1), and "surviving divorced wife", 42 U.S.C. § 416(d)(2), it neither uses nor defines "divorced husband" or "surviving divorced husband". *See* 42 U.S.C. § 416(f)

---

1. 42 U.S.C. § 402(e).

2. Although the question is presented in terms of the constitutionality of 42 U.S.C. § 402(e), that section provides for benefits to a *widow* and a *surviving divorced wife*. A similar provision with respect to *widowers* only, is found at 42 U.S.C. § 402(f), and the issue would not be presented if Section 402(f) provided for a *surviving divorced husband* as well as a widower.

3. Patricia Roberts Harris succeeded Joseph A. Califano as Secretary of Health, Education and Welfare, now Health and Human Services, and is substituted as the defendant in this case. The substitution also reflects the new name of the agency. *See* Fed.R.Civ.P. 25(d).

4. The Agreement is found in Compl., Att. I, and Ans.Ex.F.

& (g). The defendant concluded, based upon the failure of the statute to include any reference to divorced husband or surviving divorced husband, that plaintiff was not entitled to the claimed benefits.

■ There is no dispute then, that the pertinent sections of the Act provide for a classification based upon gender. Any such classification is "inherently suspect and must therefore be subjected to close judicial scrutiny". *Frontiero v. Richardson*, 411 U.S. 677, 682, 93 S.Ct. 1764, 1768, 36 L.Ed.2d 583 (1973). *See also Reed v. Reed*, 404 U.S. 71, 75, 92 S.Ct. 251, 253, 30 L.Ed.2d 225 (1971). This is so because such a classification is arguably a denial of equal protection, and if a denial of equal protection, the classification is unconstitutional. Moreover, the fact that the classification discriminates against a male (surviving divorced husband), rather than a female (surviving divorced wife), does not protect it against scrutiny. *See Orr v. Orr*, 440 U.S. 268, 99 S.Ct. 1102, 1111, 59 L.Ed.2d 306 (1979). To withstand scrutiny under the equal protection clause, "classification by gender must serve important governmental objectives, and must be substantially related to the achievement of those objectives". *Califano v. Webster*, 430 U.S. 313, 316–317, 97 S.Ct. 1192, 1194–1195, 51 L.Ed.2d 360 (1977). *See also Wengler v. Druggist Mutual Ins. Co.*, 446 U.S. 142, 100 S.Ct. 1540, 1545, 64 L.Ed.2d 107 (1980).

### III

Before discussing the constitutionality of the challenged section of the Act, it is useful to briefly review a series of cases decided by the Supreme Court involving similar challenges to gender-based statutes.

■ The burden is on those defending the discrimination to demonstrate that the statute serves an important governmental objective and is substantially related to the achievement of that objective. *Wengler v. Druggist Mutual Ins. Co., supra*, 446 U.S. at 151, 100 S.Ct. at 1546. In *Wengler*, the court considered the constitutionality of a Missouri statute which denied a widower benefits on his wife's work related death unless he was either mentally or physically incapacitated or could prove dependence on his wife's earnings. The same statute granted a widow death benefits without any proof of dependence. The Court found that the statute violated equal protection. Those who argued that the statute was valid noted that in 1925 the state legislature thought that widows were more in need of prompt help than widowers, and further that the substantial difference in economic standing between men and women justified the advantage given to widows. The Court noted that such a bare assertion "falls far short of justifying gender–based discrimination on the grounds of administrative convenience". 446 U.S. at 151, 100 S.Ct. at 1546.

The Court had likewise rejected a claimed justification of administrative convenience in several earlier cases. In *Frontiero v. Richardson, supra*, the Court struck down a provision which required a female military officer to prove that her husband was dependent upon her for more than one-half of his support before she could obtain increased quarters allowance and medical benefits while a male similarly situated officer could obtain the increased benefits for his wife without a showing that she was dependent upon him for more than one-half on her support. This provision was based on the Government's claim that wives were frequently dependent on their husbands while husbands were rarely dependent upon their wives. The Court concluded that the claimed justification failed to save the discrimination. *See also Califano v. Goldfarb*, 430 U.S. 199, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977); *Reed v. Reed, supra*.

The court found a section of the Act constitutionally infirm where it granted survivors benefits based on earnings of the deceased husband and father, to his widow and children but granted such benefits, based on the earnings of the deceased wife and mother, only to the children and not to the widower. *Weinberger v. Wiesenfeld*, 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975). The Court considered the generalization that men are more likely than wom-

en to be providing support to the family, and while recognizing that there may have been empirical support consistent with the generalization, held that those grounds alone could not justify the gender–based discrimination. The court found offensive the assumption "that male workers' earnings are vital to the support of their families, while the earnings of female wage earners do not significantly contribute to their families' support". *Id.* at 643, 95 S.Ct. at 1231.

In *Califano v. Goldfarb, supra*, the Court invalidated a statute which provided survivors benefits to a widow regardless of her dependence, but provided the same benefit to a widower only if he could demonstrate that he received over one–half of his support from his wife. Obviously the statute discriminated not only against the widower, but against his wife as well since, even though she was covered under the program, she could not assure her spouse of the same protection that she would receive if she were the survivor. Moreover, the sections of the Act under question were not based on a need that had been demonstrated, but represented a generalization that women are usually dependent. If the issue was one of dependency, it would seem that either both would be presumed to be dependent, or both would be required to prove their dependence.

The above decisions can, in most cases, be easily distinguished from those situations in which the Court upheld gender–based discrimination. In *Schlesinger v. Ballard*, 419 U.S. 498, 95 S.Ct. 572, 42 L.Ed.2d 610 (1975), the Court upheld the regulation which provided that any male naval officer who had been passed over for promotion twice was subject to mandatory discharge regardless of the length of his commissioned service, while also providing that a female naval officer, who had been passed over for promotion twice, was not subject to mandatory discharge unless and until she had served at least thirteen years commissioned service.

The complainant in the case was a male commissioned officer who had been passed over twice and who had nine years commissioned service. Had he been a female, he would not have been subjected to mandatory discharge unless he had reached his thirteenth year of commissioned service. Clearly this was gender–based discrimination, however, it was based upon a demonstrable fact and not an archaic and over–broad generalization. *Id.* at 508, 95 S.Ct. at 577. The fact was that female officers had less opportunity for promotion since their service at sea and in combat was restricted by regulation. This being the case, it was easily demonstrated that women officers might be passed over more times than men officers before receiving a promotion.

Similarly, the court upheld the statute in *Califano v. Webster, supra*, which allowed women insured under the Social Security Act to receive their old age benefits for less elapsed work years than men; a woman could receive her benefits at age 62, a man at age 65. The court found that the distinction was justified because it was based on need and not on dependence as in *Califano v. Goldfarb, supra*. The purpose was clearly set forth in the legislative history and supported by records of the Department of Labor. 430 U.S. at 318–320, 97 S.Ct. at 1195–1196. Those "facts" demonstrated that women had fewer employment opportunities than men.

One final case worthy of mention in this area is *Kahn v. Shevin*, 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974), in which the court upheld a Florida statute which gave a $500 real estate tax exemption to widows, but not to widowers. The court believed that the statistics established a lower median income for women than men and that that discrepancy justified the unequal tax treatment based on gender.[5] See also *Wengler v. Druggist Mutual Ins. Co., supra*, 446 U.S. 148, n.4, 100 S.Ct. 1544, n.4.

The review of the above cases is by no means exhaustive, but it does establish a

---

**5.** This Court has some difficulty with the decision in *Kahn v. Schevin*, since it appears to be based on the type of generalization criticized in

*Califano v. Goldfarb*, 430 U.S. 199, 97 S.Ct. 1021 (1977), and *Weinberger v. Wiesenfeld*, 420 U.S. 636, 95 S.Ct. 1225 (1975).

guideline upon which this court can address the sections of the Act now under consideration.

## IV

█ As has already been noted, the challenged sections of the Act discriminate on the basis of gender and are therefore suspect; furthermore, it becomes the burden of the defendant to justify that discrimination. The defendant cites the Court to the legislative history, however, that history suggests that the statute was designed to protect a wife, whose marriage ended in divorce, at a point in time when she would be too old to build up a substantial social security earnings record. *See* S.Rep.No.404 (Part I), 89th Cong. 1st Sess. 101–108, *reprinted in* [1965] U.S.Code Cong. & Admin. News, pp. 1943, 2047–2048. That history cites no facts or statistics to support the conclusion of dependence; rather, it indicates an intent to accord benefits to the surviving divorced wife as the result of a *presumed* dependence. In this sense, it is subject to the same infirmities as were the statutes in *Califano v. Goldfarb, supra,* and *Weinberger v. Wiesenfeld, supra.*

The purpose of the legislation is set forth again in a statement supporting the statute at the time of its amendment in 1972. There it was stated:

> [T]he intent of providing benefits to divorced women is to protect women whose marriages are dissolved when they are far along in years–particularly housewives who have not been able to work and earn social security protection of their own. H.R.Rept.No.231, 92nd Cong., 2d Sess., *reprinted in* [1972] U.S.Code Cong. & Admin.News, pp. 4989, 5041.

Again, the 1972 legislative history suggests nothing more than a presumed dependence of women without citing demonstrative facts. The underlying basis for the present statute is clearly distinguished from those in *Schlesinger v. Ballard, supra,* and *Califano v. Webster, supra,* where the statutes were designed to overcome a demonstrated problem of inequality. In *Ballard* it was the failure of women to have as many opportunities for promotion in the Navy as men; in *Webster,* it was the facts supported by labor statistics revealing that there was a need to equalize the standing of men and women, since women had not had the employment opportunities of men.

Additionally, the statutes in *Webster* and *Ballard* were not directed to dependence. Here, the legislative history presumes dependence and the statute is designed to rectify that presumed dependence. Unlike the statute in *Califano v. Webster, supra,* this statute is not based on need.

Even assuming arguendo that the requisite permissible purpose was demonstrated by the defendant, the statute is not substantially related to accomplish its alleged compensatory purpose. It assumes dependence and yet operates to favor all surviving divorced wives, whether dependent or not, and omits surviving divorced husbands, whether dependent or not. In that sense, it is not unlike the statute in *Oliver v. Califano,* Unempl.Ins.Rep. (CCH) ¶ 15,244 (N.D. Cal. June 24, 1977).

This Court concludes then that the defendant has failed to justify the gender–based discrimination found in the statute and that, in its present form, the statute violates equal protection. It discriminates not only against the plaintiff and those similarly situated, but discriminates against the plaintiff's wife as well since she was denied the right to provide for her surviving divorced husband under the statute, and was therefore denied equal protection, since had she been a man, that protection would have been afforded her surviving divorced spouse.

## V

The Court has entered an order directed to defendant, her officers, agents, servants and employees, and persons who are in active concert or participation with her or who receive actual notice of the order, not to deny Albert M. Baker his due benefits under 42 U.S.C. §§ 402(e) or 402(f) solely on the ground that he is a surviving divorced husband rather than a surviving divorced wife.

The Order also required the defendant to immediately pay to the plaintiff all benefits due him under the statute since the date he initially made claim therefor and to continue to pay those benefits to him until he ceases to be eligible for the benefits. The payment of the benefits shall begin immediately regardless of any appeal which may be taken in this case.

An appropriate Judgment Order has been entered.